Wayte v. Wayte.

## WAYTE vs. WAYTE.

1. PRACTICE.—*Amendment of J. P.'s record in Circuit Court.*

In an action of replevin on appeal from a Justice's Court, the defendant pleaded in the Circuit Court that before the commencement of the suit, the parties had by proceedings before the Justice duly submitted their rights to the property to arbitration and the arbitrators had duly awarded it to him, and on the trial he asked that the Justice might amend his imperfect record of the proceedings in that case so as to speak the truth and show a valid statutory arbitration and award, so that he could use it in support of the defence, but the Circuit Court refused the motion. He then offered to prove the arbitration and award by parol, which the Court refused. HELD, no error: that the Justice could not amend in that case his entries in another, and that a statutory arbitration and award could not be proved by parol.

APPEAL from *Benton* Circuit Conrt.

Hon. J. H. BERRY, Circuit Judge.

E. P. WATSON, for appellant.

The docket of the Justice, and parol evidence were admissible to show an arbitration of the matter in controversy between the same parties, and an award which was in full force.   See *Freeman on Judgments, Sec.* 273 ; 1 *Greenleaf Ev. Sec.* 273 *and notes* ; 43 *N. H. Taylor v. Dustin* ; 4 *Texas*, 101 ; 53 *Me. Walker v. Chase* ; *Wood v. Javkson*, 8 *Wendell ; 7 Cranch*, 567 ; *Driscoll v. Damp*, 16 *Wis.*, 106 ; *Valandingham v. Royan*, 16 *Ill.*

The docket of a Justice may be amended at any time by the Justice so as to speak the truth. 36 *Vt.*, 194 ; 44 *N. H.*, 448 ; 28 *N. Y.*, 508 ; *Parsons on Cont., vol.* 2, *p.* 697, 698 ; *Gantts Dig., sec.* 3827, 4616, 4619 ; 3 *John.*, 184 ; 16 *Wend.*, 583.

The evidence of the arbitrators was admissible.    10 *Gray*, 99 ; 2 *Parsons on Cont., p.* 549 ; 43 *Geo.*, 308 ; 12 *John*, 311 ; 23 *Barb.*, 187 ; 15 *East*, 213 ; 2 *Conn.*, 341,

If not a good statutory award it was a good common law award and may be pleaded.   36 *Ark.*, 316 ; *Alexander v. Mulhall, S. C. of Texas, May* 30, 1881.

Appellee is estopped by the award, it has the same effect as a former judgment.   2 *Smiths Leading Cases*, 671 ; *Bigelow on Estoppel*, 615, 518 *and* 515 ; 5 *Whart.*, 487.

EAKIN J.—The errors alleged as grounds for a new trial, are :

1st and 2d.   That the verdict is against law and evidence.

3d.   That it does not find the plaintiff to be the owner of the property and entitled to the possession.

4th.   That the issues were not found for the plaintiff.

5th.   That the Court would not permit the Justice of the Peace to come in and amend his docket entry of a submission to arbitration, so as to show that the same property, now in controversy, was in view of the parties making the submission ; and that they appeared before him, and consented that the entry should be made, submitting to arbi-

tration the same property now sued for. Further: That
the Court would not allow said Justice so to amend his en-
try as to speak the truth in the matter of the arbitration.
Further: That the Court refused to admit parol proof of
an arbitration between the parties concerning the property;
and a consent to the award; and the receipt by plaintiff of
property under the award. And further: That the Court
refused to allow defendant to supply the defects of the Jus-
tice's entry by parol proof; showing that the right to the
property now on suit, was by rule of Court, and by agree-
ment of the parties, submitted to arbitration; upon which
arbitrations were selected by agreement; a day and place
were set by the Justice for the arbitors to meet and make
return of their awards; and that they were duly sworn; and
a certificate of their oath was returned with the award.

As to the 1st and 2d grounds, there was evidence pro and
con, and we cannot weigh it.

The verdict "finds for the plaintiff," the property, speci-
fying the articles and their value. The right of possession
of the property was the thing in issue, and it is sufficiently
responsive—fulfilling also the conditions required by Sec-
tion 4682 of Gantt's Digest. No damages were found, but
that can only be necessary where the plaintiff seems entitled
to judgment for damages.

Proceeding to consider the grounds grouped under the
fifth head, all of which concern the defense of arbitration, we
find the facts as stated in the bill of exceptions to be: that
defendant, on trial, offered to introduce the docket entries of
proceedings by the same parties, in another case, before a
Justice of the Peace, for the purpose of an arbitration.
They would have shown that the parties on the 6th of No-
vember, 1880, appeared before the Justice and had an agree-
ment, signed by them, made an order of court, which showed
that "differences" had been, for some time, and were still,

pending between them, "in relation to division, and sundry matters of controversy and dispute;" and that they had, therefore, agreed that certain arbitrators, naming them, should adjust "what is right and just between us." The entry goes on to show the report of the arbitrators finding for plaintiff certain amounts of wheat, oats and other things; followed by a judgment of the Justice that the plaintiff, Sususan E. Wait, recover said articles, and that the defendant, Allen Wait, "have the remainder awarded by S. N. Elliott, County Judge." Before this was offered, the complainant had already shown, that by order of the Probate Court, certain specific amounts of property, belonging to her husband's estate, of like nature with that in the award, but in greater quantity had been vested in her, absolutely as his widow.

The Court, or Justice of the Peace, before whom the arbitration proceedings were had, was clothed with jurisdiction of the subject matter *Gantts Digest, Sec's*. 255, 256. An appeal might have been, but was not taken. It was not void, and until reversed remained *res judicata*. The Court refused to admit it on the ground that the submission to arbitration was so indefinite as to the subject matter, that it did not appear that it was the same. To this defendant excepted, but we cannot enquire into any error in that, because the refusal to admit the docket entry was not made a ground of motion for a new trial. So far, this exception was abandoned. The defendant proceeded with an effort to procure, for the purpose of the pending suit, an amendment of the entry which was made in another and distinct proceeding. The ground of the motion is that he was not allowed to do *that*. The statute, on an appeal from a Justice of the Peace, permits an amendment of his entries by the Justice, to correct defects or omissions, according to the right and truth of the case. *Gantts Dig., See*. 3828. But the statute applies to the proceedings in the case appealed.

Wayte v. Wayte.

It might be attended with much evil to allow the Justices entries, in one case, to be amended in collateral proceedings. If the entries are erroneous the matter may be corrected by appeal; or perhaps by motion in the case itself, duly made to the Justice, on notice to the parties to be affected. The Court did not err in refusing to allow the amendments to be made by the Justice, or by parol proof, to allow the defects of the entry (if any) to be supplied.

The third cause of the group of grounds numbered 5, to the effect that the Court refused to allow proof of a common law arbitration and award, is not sustained by the bill of exceptions. Facts stated in a motion for a new trial, or alluded to as grounds of the motion, do not thus, prove themselves. They must be stated historically in the bill of exceptions, to be verified by the Judge's signature. The bill of exceptions states that defendant offered to prove an arbitration and award made by persons chosen by the parties, which arbitrators "made out their award in writing and returned it with a certificate of their oath to A. Foster, *a Justice of the Peace, that made the entry appointing them.*" That is not the proper mode of procedure in a common law arbitration, with which Justices of the Peace have nothing to do. The effort was only another mode, by which defendant attempted to supply supposed defects in an entry of a *statutory* arbitration, award and judgment. This as we have above concluded was not permissible. If there had been no valid statutory arbitration, and had been one valued at common law, it might have been shown, by parol, but the proof offered was not directed to that.

Until the entry should be admitted in evidence, there was no ground for parol proof to show that it concerned the same subject matter.

We find no error in the record.   Affirm.